IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

05-21251
CIV - HUCK

MANUEL FIGUEROA, individually and on behalf of those similarly situated,

    Plaintiffs,

VS.

SHARPER IMAGE CORPORATION, a Delaware corporation,

    Defendant.
_____/

MAGISTRATE JUDGE
SIMONTON



## PLAINTIFF'S CLASS ACTION COMPLAINT

### NATURE OF THE ACTION

1.    Manuel Figueroa, Plaintiff, brings this action individually and on behalf of all consumers in the United States of America who purchased "Ionic Breeze" or other ionizing "air purifiers" from Defendant, Sharper Image Corporation ("Sharper Image" or "Defendant"), within the last six years. Plaintiff brings claims for breach of contract, breach of warranty, money had and received, and unjust enrichment based upon Defendant's unlawful conduct. Plaintiff also seeks a permanent injunction to prevent Defendant's unlawful conduct from continuing in the future.



## PARTIES

2. Class Representative, Manuel Figueroa, is a citizen of Florida over the age of nineteen (19) who purchased an ionizing "air purifier" from Sharper Image Corporation on or about March of 2004.

3. Defendant, Sharper Image, is a corporation organized under the laws of the State of Delaware with its principal place of business in San Francisco, California.

## JURISDICTION

4. This Court has jurisdiction over all causes of action asserted in this complaint under 28 U.S.C. 1332(d) because: (1) The proposed plaintiff class is composed of at least one-hundred (100) persons; (2) The aggregated claims of all putative class members exceeds five (5) million dollars exclusive of interests and costs; and (3) The Class Representative, Manuel Figueroa, and the Defendant are not residents of the same state.

## FACTUAL ALLEGATIONS

5. Defendant markets and sells ionizing "air purifiers" through the internet, magazines, television, and retail stores.

6. Defendant's ionizing "air purifiers" are marketed and sold as devices to remove impurities from the air. Defendant claims that its "air purifiers" eliminate dust, pollen, and other contaminants. Defendant also claims that its "air purifiers" are

2

LAW OFFICES HAGGARD, PARKS, HAGGARD & LEWIS, P.A.
FIRST FLOOR, 330 ALHAMBRA CIRCLE, CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 446-5700

superior to HEPA (High Efficiency Particulate Arresting) air purifiers for removing allergens from the home.

7. Defendant's ionizing products do not remove impurities from the air and fail to perform the purpose for which they are advertised and sold. In addition to the fact that the ionizing air purifiers do not perform their intended function, these products expose consumers to hazardous levels of ozone.

8. On or about March of 2004, Plaintiff purchased an ionizing "air purifier" from Defendant. Plaintiff purchased the "air purifier" for purposes of removing dust, pollen and other impurities from the air.

## CLASS ALLEGATIONS

9. The Class Representative brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure Procedure. The "Class" is composed of and defined as:

> All consumers in the United States of America that have purchased ionizing "air purifiers" from Sharper Image Corporation within the last six years.

Plaintiff reserves the right to expand the Class Period as may be appropriate based upon the evidence uncovered during the course of discovery.

10. This action has been brought and may be properly maintained as a class action pursuant to the provisions of Fed. R. Civ. P. 23(a)(1)-(4) and 23(b)(3), and satisfies

3

the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements thereof because:

a. The proposed Class is so numerous that the individual joinder of all its members is impractical, meeting the requirements of Fed. R. Civ. P.23(a)(1). While the exact number of Class Members is unknown to Plaintiff at this time, it is ascertainable by appropriate discovery. Plaintiff is informed and believes that the proposed class may exceed two million consumers.

b. Common questions of law and fact exist as to all Class Members as required by Fed. R. Civ. P. 23(a)(2), and within the meaning of Fed. R. Civ. P. 23(b)(3), and predominate over any questions affecting only individual members of the Class. Among these common questions are the following:

    i. Whether Defendant made warranties and/or representations, expressly or by implication, that its ionizing "air purifier" cleans the air of dust, pollen and other impurities; and

    ii. Whether Defendant's ionizing "air purifiers" clean the air of dust, pollen and other impurities; and

    iii. Whether Defendant's conduct constitutes a breach of warranty.

c. Plaintiff's claims are typical of the claims of the Class Members as required by Fed. R. Civ. P. 23(a)(3). Like every other member of the Class, the Class representative purchased an ionizing "air purifier" from Defendant.

LAW OFFICES HAGGARD, PARKS, HAGGARD & LEWIS, P.A.
FIRST FLOOR, 330 ALHAMBRA CIRCLE, CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 446-5700

d. The Class Representative will fairly and adequately protect the interests of the Class Members, as required by Fed. R. Civ. P. 23(a)(4). The Class Representative is an adequate representative of the class and any subclasses designated by the Court, having no interests that are adverse to the interest of the Class Members. The Class Representative has retained counsel experienced in the prosecution of class actions, including consumer class actions.

e. Common questions of law and fact predominate over any individual issues that exist, satisfying the predominance requirement of Fed. R. Civ. P. 23(b)(3).

f. A class action is superior to other available methods for the fair and efficient adjudication of this controversy within the meaning of Fed. R. Civ. P. 23(b)(3). The cost to the court system of adjudicating such individual actions would be substantial and potential recovery of each individual class member is likely to be low. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and to the court system as a result of multiple repetitive trials of the same issues. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each Class Member.

g. In the alternative, this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) and/or 23(b)(2) because:

5

 i. The prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudications, thus establishing incompatible standards of conduct for the Defendant; and

 ii. The prosecution of separate actions by individual Class Members would create a risk of adjudication with respect to them that would, as a practical matter, be dispositive of the interest of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such other Class Members to protect their interests; and

 iii. The Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## (BREACH OF CONTRACT)

11. Plaintiff and the Class Members repeat and re-allege paragraphs 1 through 10 as if fully set forth herein.

12. Plaintiff and the Class Members entered into binding contracts with Defendant for the purchase of ionizing "air purifiers" that would remove impurities from the air.

13. Contrary to the terms of the contract, the products do not remove impurities from the air or otherwise perform as advertised.

6

LAW OFFICES HAGGARD, PARKS, HAGGARD & LEWIS, P.A.
FIRST FLOOR, 330 ALHAMBRA CIRCLE, CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 446-5700

14. As a proximate result of Defendant's breach of contract, Plaintiff and the Class Members have suffered actual damages in that they paid hundreds of dollars to Defendant for products that do not work.

15. Accordingly, Plaintiff and the Class Members seek compensatory damages, including interest and costs, in an amount to be determined by a jury.

## COUNT II
## (BREACH OF IMPLIED WARRANTY)

16. Plaintiff and the Class Members repeat and re-allege paragraphs 1 through 15 as if fully set forth herein.

17. Defendant impliedly warranted that its products were fit for the particular purpose for which they were advertised, namely, to remove impurities from the air.

18. Defendant breached this warranty by providing products to Plaintiff and the Class Members that did not perform as warranted and advertised.

19. As a proximate result of Defendant's breach of warranty, Plaintiff and the Class Members have suffered actual damages in that they paid hundreds of dollars to Defendant for products that do not work.

20. Accordingly, Plaintiff and the Class Members seek compensatory damages, including interest and costs, in an amount to be determined by a jury.

LAW OFFICES HAGGARD, PARKS, HAGGARD & LEWIS, P.A.
FIRST FLOOR, 330 ALHAMBRA CIRCLE, CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 446-5700

## COUNT III

## (UNJUST ENRICHMENT)

21. Plaintiff and the Class Members repeat and re-allege paragraphs 1 through 20 as if fully set forth herein.

22. Plaintiff and the Class Members bestowed a benefit upon Defendant to which Defendant was not entitled, namely payment of hundreds of millions of dollars for improperly labeled, marketed and sold products.

23. Defendant has been unjustly enriched by their retention of the monies paid by Plaintiff and the Class Members for the subject "air purifiers."

24. Defendant's retention of the funds paid constitutes an unjust gain to the Defendant at the expense of Plaintiff and the Class Members.

25. Equity and good conscience require that the Defendant disgorge the proceeds of the sales into constructive trust with the resulting restitution to Plaintiff and the Class.

## COUNT IV

## (MONEY HAD AND RECEIVED)

26. Plaintiff and the Class Members repeat and re-allege paragraphs 1 through 25 as if fully set forth herein.

27. Defendant represented to Plaintiff and the Class Members that they were selling ionizing "air purifiers" that removed impurities from the air, and charged Plaintiff and the Class Members hundreds of dollars based on said representation. As a

8

LAW OFFICES HAGGARD, PARKS, HAGGARD & LEWIS, P.A.
FIRST FLOOR, 330 ALHAMBRA CIRCLE, CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 446-5700

result of representations to Plaintiff and the Class Members, benefits were bestowed upon Defendant to which it was not entitled. Defendant has retained the money paid by Plaintiff and the Class Members.

28. Because of the collection and retention of the aforementioned funds, Defendant has received and continues to possess money for the use and benefit of Plaintiff and the Class Members.

29. Equity and good conscience require that Defendant disgorge said sums collected into constructive trust and pay by way of restitution to Plaintiff and the Class Members.

## COUNT V
## (PERMANENT INJUNCTION)

30. Plaintiff and the Class Members repeat and re-allege paragraphs 1 through 29 as if fully set forth herein.

31. Upon information and belief, Defendant continues to manufacture, market, and sell ionizing air purifiers that do not remove impurities from the air and fail to perform the purpose for which they are advertised and sold.

32. Plaintiff and the Class Members request that this Court enter a permanent injunction directing Defendant to cease and desist:

   a. manufacturing, marketing, and selling these products that don't perform as advertised;

   b. misstating the performance capabilities of its ionizing "air purifiers."

9

LAW OFFICES HAGGARD, PARKS, HAGGARD & LEWIS, P.A.
FIRST FLOOR, 330 ALHAMBRA CIRCLE, CORAL GABLES, FLORIDA 33134 • TELEPHONE (305) 446-5700

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the Court accept jurisdiction over this action and enter a judgment for Plaintiff and the Class as follows:

A.  Determine that the action is properly maintainable as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure;

B.  Grant declaratory and injunctive relief, together with all relief that flows from such declaratory and injunctive relief;

C.  Enter a permanent injunction directing Defendant to cease and desist:

   1. manufacturing, marketing, and selling these products that don't perform as advertised;

   2. misstating the performance capabilities of its ionic "air purifiers."

D.  Make a declaratory determination that Defendant unjustly retains funds bestowed upon them by Plaintiff and the Class, and subsequent thereto enter its mandatory injunction, order an equitable accounting, impose a constructive trust, and further, by mandatory injunction, order a disgorgement of all unjustly held funds by Defendant into said constructive trust with the ultimate distribution of said funds by way of restitution to the Plaintiff and the Class or in such instance as the Class Members cannot by found to the unclaimed property administrator of the corresponding states and if necessary *cy pres* distribution of any additional funds unjustly held;

E.  Order Defendant to bestow upon the Plaintiff and the Class Members their costs and expenses, including a reasonable attorney fee; and

F.  Grant such other further relief as the Court deems just and proper.

Plaintiff and the Class Members further request a trial by jury on all issues so triable in this action, and seek an award of compensatory damages in an amount to be determined by the jury, including interest and costs.

Dated this __6__ day of May, 2005.

        HAGGARD, PARKS, HAGGARD & LEWIS, P.A.
        330 Alhambra Circle, 1st Floor
        Coral Gables, FL 33134
        Telephone:   305/446-5700
        Facsimile:   305/446-1154

By _____
        DANIEL D. DOLAN, II
        Fla. Bar No. 084913
        ROBERT L. PARKS
        Fla. Bar No. 061436

OF COUNSEL

Jere F. White, Jr., Esq.
Stephen J. Rowe, Esq.
Enrique J. Gimenez, Esq.
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, Alabama 35203
Tele: (205) 581-0774
Fax: (205) 581-0799

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-HUCK

**I. (a) PLAINTIFFS**
Manuel Figueroa, individually and on behalf of those similarly situated

**DEFENDANTS**
Sharper Image Corporation, a Delaware Corp.

MAGISTRATE JUDGE

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT SIMONTON
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Dade 05CV21251/Huck/Simonton

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Hubbard, Parks, Huggard + Lewis, P.A.
330 Alhambra Circle, Coral Gables, FL 33134
305-446-5700

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** (DADE), MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl Ret Inc Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. 1332 diversity

**LENGTH OF TRIAL** via 5 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions): N/A
JUDGE _____
DOCKET NUMBER N/A

**DATE** 5-6-05
**SIGNATURE OF ATTORNEY OF RECORD**

**FOR OFFICE USE ONLY**
RECEIPT # 920419   AMOUNT 250.—   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____