IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 05-21251 CIV – ALTONAGA
MAGISTRATE JUDGE TURNOFF

MANUEL FIGUEROA, individually and on behalf
of those similarly situated,

      Plaintiffs,

v.

SHARPER IMAGE CORPORATION, a Delaware
Corporation, and ZENION INDUSTRIES, INC.,
a California Corporation,

      Defendants.

## PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

### NATURE OF THE ACTION

1.   Manuel Figueroa, Plaintiff, brings this action individually and on behalf of all consumers in the United States of America who purchased "Ionic Breeze" or other ionizing "air purifiers" from Defendant Sharper Image Corporation ("Sharper Image") within the last six years. The "technology" contained in the "Ionic Breeze" was developed and, upon information and belief, is exclusively licensed to Sharper Image by Defendant Zenion Industries, Inc. ("Zenion")(collectively "Defendants"). Plaintiff brings state law claims for breach of contract, breach of express warranty, breach of implied warranty, money had and received, unjust enrichment, and conspiracy based upon Defendants' unlawful conduct. Plaintiff also brings a federal law claim pursuant to the Magnuson-Moss Federal Warranty Act, 15 U.S.C. §§ 2301,



et seq. Plaintiff lastly seeks a permanent injunction to prevent Defendants' unlawful conduct from continuing in the future.

## PARTIES

2. Class Representative, Manuel Figueroa, is a citizen of Florida over the age of nineteen (19) who purchased an ionizing "air purifier" premised upon Zenion "technology" from Sharper Image in or around March of 2004.

3. Defendant Sharper Image is a corporation organized under the laws of the State of Delaware with its principal place of business in San Francisco, California.

4. Defendant Zenion is, upon information and belief, a corporation organized under the laws of California with its principal place of business in California.

## JURISDICTION

5. This Court has jurisdiction over all causes of action asserted in this complaint under 28 U.S.C. 1332(d) because: (1) The proposed plaintiff class is composed of at least one-hundred (100) persons; (2) The aggregated claims of all putative class members exceeds five million dollars ($5,000,000.00) exclusive of interests and costs; and (3) The class representative, Manuel Figueroa, and the Defendants are not residents of the same state.

## FACTUAL ALLEGATIONS

6. Defendant Zenion markets and licensed its "Zenion Effect" as having the ability, in combination with Defendant Sharper Image's ionizing "air purifier," to move and clean the air without the need of a fan, motor, or replacement filters. The "Zenion Effect" also allegedly allows Defendant Sharper Image's ionizing "air purifier" to operate with little noise or energy.

7. Defendant Sharper Image, in turn, markets and sells these ionizing "air purifiers" through the internet, magazines, television, and retail stores.

8. As outlined above, Defendants' ionizing "air purifiers" are marketed and sold as devices to remove impurities from the air. Defendants claim that the "air purifiers" eliminate dust, pollen, and other contaminants. Defendant Sharper Image further claims that its "air purifiers" are superior to HEPA (High Efficiency Particulate Arresting) air purifiers for removing allergens from the home.

9. Defendants' ionizing products and technology do not remove impurities from the air and fail to perform the purpose for which they are marketed, licensed, advertised and sold. In addition to the fact that the ionizing "air purifiers" do not perform their intended function, these products expose consumers to hazardous levels of ozone.

10. On or about March of 2004, Plaintiff purchased an ionizing "air purifier" from Defendant Sharper Image. Plaintiff purchased the ionizing "air purifier" for purposes of removing dust, pollen and other impurities from the air.

## CLASS ALLEGATIONS

11. The Class Representative brings this action, on behalf of himself and all others similarly situated, as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The "Class" is composed of and defined as:

> All consumers in the United States of America that have purchased ionizing "air purifiers" from Sharper Image Corporation within the last six years.

Excluded from the class are all officers or directors of Defendant Sharper Image and Defendant Zenion, as well as all individuals who have sought or are seeking bankruptcy protection during the relevant Class Period. Plaintiff reserves the right to

expand the Class Period as may be appropriate based upon the evidence uncovered during the course of discovery.

12. This action has been brought and may be properly maintained as a class action pursuant to the provisions of FED.R.CIV.P. 23(a)(1)-(4) and 23(b)(3), and satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements thereof because:

   a. The proposed Class is so numerous that the individual joinder of all its members is impractical, meeting the requirements of FED.R.CIV.P. 23(a)(1). While the exact number of Class Members is unknown to Plaintiff at this time, it is ascertainable by appropriate discovery. Plaintiff is informed and believes that the proposed class may exceed two million consumers.

   b. Common questions of law and fact exist as to all Class Members as required by FED.R.CIV.P. 23(a)(2), and within the meaning of FED.R.CIV.P. 23(b)(3), and predominate over any questions affecting only individual members of the Class. Among these common questions are the following:

      i. Whether Defendants made warranties and/or representations, expressly or by implication, that its ionizing "air purifier" and the technology upon which it was based cleans the air of dust, pollen and other impurities; and

      ii. Whether Defendants ionizing "air purifier" and the technology upon which it was based clean the air of dust, pollen and other impurities; and

      iii. Whether Defendants' conduct constitutes a breach of warranty.

   c. Plaintiff's claims are typical of the claims of the Class Members as required by FED.R.CIV.P. 23(a)(3). Like every other member of the Class, the Class

representative purchased an ionizing "air purifier" containing Defendant Zenion "technology" from Defendant Sharper Image.

d. The Class Representative will fairly and adequately protect the interest of the Class Members, as required by FED.R.CIV.P. 23(a)(4). The Class Representative is an adequate representative of the class and any subclasses designated by the Court, having no interests that are adverse to the interest of the Class Members. The Class Representative has retained counsel experienced in the prosecution of class actions, including consumer class actions.

e. Common questions of law and fact predominate over any individual issues that exist, satisfying the predominance requirement of FED.R.CIV.P. 23(b)(3).

f. A class action is superior to other available methods for the fair and efficient adjudication of this controversy within the meaning of FED.R.CIV.P. 23(b)(3). The cost to the court system of adjudicating such individual actions would be substantial and potential recovery of each individual class member is likely to be low. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and to the court system as a result of multiple repetitive trials of the same issues. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each Class Member.

g. In the alternative, this action is maintainable as a class action under FED.R.CIV.P. 23(b)(1) and/or 23(b)(2) because:

 i. The prosecution of separate actions by the individual Class Members would create a risk of inconsistent or varying adjudications, thus establishing incompatible standards of conduct for the Defendants; and

 ii. The prosecution of separate actions by individual Class Members would create a risk of adjudication with respect to them that would, as a practical matter, be dispositive of the interest of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such other Class Members to protect their interests; and

 iii. The Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

### (BREACH OF CONTRACT AS TO DEFENDANT SHARPER IMAGE)

13. Plaintiff and the Class Members repeat and re-allege paragraphs 1 through 12 as if fully set forth herein.

14. Plaintiff and the Class Members entered into binding contracts with Defendant Sharper Image for the purchase of ionizing "air purifiers" that would remove impurities from the air.

15. Contrary to the terms of the contract, the products do not remove impurities from the air or otherwise perform as advertised.

16. As a proximate result of Defendant Sharper Image's breach of contract, Plaintiff and the Class Members have suffered actual damages in that they paid hundreds of dollars to Defendant Sharper Image for products that do not work.

17. Accordingly, Plaintiff and the Class Members seek compensatory damages, including interest and costs, in an amount to be determined by a jury.

## COUNT II

**(BREACH OF EXPRESS WARRANTY AS TO DEFENDANT SHARPER IMAGE)**

18. Plaintiff and the Class Members repeat and re-allege paragraphs 1 through 17 as if fully set forth herein.

19. Defendant Sharper Image expressly warranted that the "air purifier" was capable of removing impurities from the air.

20. Defendant Sharper Image breached this express warranty by providing products to Plaintiff and the Class Members that did not and could not perform as warranted and advertised. Accordingly, that warranty failed its essential purpose.

21. As a proximate result of Defendant Sharper Image's breach of warranty, Plaintiff and the Class Members have suffered actual damages in that they paid hundreds of dollars to Defendant Sharper Image for products that do not work and which have since lost value.

22. Accordingly, Plaintiff and the Class Members seek compensatory damages, including interest and costs, in an amount to be determined by a jury.

## COUNT III

**(BREACH OF IMPLIED WARRANTY AS TO ALL DEFENDANTS)**

23. Plaintiff and the Class Members repeat and re-allege paragraphs 1 through 22 as if fully set forth herein.

24. Defendant Sharper Image and Defendant Zenion impliedly warranted that the "air purifier" and its technology were merchantable and fit for the particular purpose for which they were advertised, namely, to remove impurities from the air.

25. Defendant Sharper Image and Defendant Zenion breached this warranty by providing products to Plaintiff and the Class Members that did not and could not perform as warranted and advertised. Accordingly, that warranty further failed of its essential purpose.

26. As a proximate result of Defendant Sharper Image's and Defendant Zenion's breach of warranty, Plaintiff and the Class Members have suffered actual, incidental and consequential damages in that they paid hundreds of dollars to Defendant Sharper Image for products that do not work and which have since lost value.

27. Accordingly, Plaintiff and the Class Members seek compensatory damages, including interest and costs, in an amount to be determined by a jury.

## COUNT IV

## (MAGNUSON-MOSS CLAIM AS TO ALL DEFENDANTS)

28. Plaintiff and the Class Members repeat and re-allege paragraphs 1 through 27 as if fully set forth herein.

29. Plaintiff and the Class Members purchased "air purifiers" supplied and sold by Defendant Sharper Image and Defendant Zenion. The purchased "air purifiers" were intended for personal, family or household purposes.

30. Both Defendant Sharper Image and Defendant Zenion warranted and advertised the technology and workmanship as being capable of removing impurities from the air.

31. Defendant Sharper Image and Defendant Zenion breached this warranty by providing products to Plaintiff and the Class Members that did not and could not perform as warranted and advertised.

32. As a proximate result of Defendant Sharper Image's and Defendant Zenion's breach of these warranties, Plaintiff and the Class Members have suffered actual, incidental and consequential damages.

33. Accordingly, Plaintiff and the Class Members seek all damages and other legal and equitable relief to which they may be entitled under the Magnuson-Moss Act, 15 U.S.C. § 2301, et seq.

## COUNT V

## (UNJUST ENRICHMENT AS TO ALL DEFENDANTS)

34. Plaintiff and the Class Members repeat and re-allege paragraphs 1 through 33 as if fully set forth herein.

35. Plaintiff and the Class Members bestowed a benefit upon Defendants to which Defendants were not entitled, namely payment of hundreds of millions of dollars for improperly licensed, labeled, marketed and sold products and technology.

36. Defendants have been unjustly enriched by their retention of the monies paid by Plaintiff and the Class Members for the subject "air purifiers."

37. Defendants' retention of the funds paid constitutes an unjust gain to the Defendants at the expense of Plaintiff and the Class Members.

38. Equity and good conscience require that the Defendants disgorge the proceeds of the sales into constructive trust with the resulting restitution to Plaintiff and the Class.

## COUNT VI

### (MONEY HAD AND RECEIVED AS TO ALL DEFENDANTS)

39. Plaintiff and the Class Members repeat and re-allege paragraphs 1 through 38 as if fully set forth herein.

40. Defendants represented to Plaintiff and the Class Members that they were licensing, marketing and selling "air purifiers" whose ionizing technology removed impurities from the air, and charged Plaintiff and the Class Members hundreds of dollars based on said representations. As a result of representations to Plaintiff and the Class Members, benefits were bestowed upon Defendants to which they was not entitled. Defendants have retained the money paid by Plaintiff and the Class Members.

41. Because of the collection and retention of the aforementioned funds, Defendants have received and continue to possess money for the use and benefit of Plaintiff and the Class Members.

42. Equity and good conscience require that Defendants disgorge said sums collected into constructive trust and pay by way of restitution to Plaintiff and the Class Members.

## COUNT VII

### (CONSPIRACY AS TO ALL DEFENDANTS)

43. Plaintiff and the Class Members repeat and re-allege paragraphs 1 through 42 as if fully set forth herein.

44. Defendants jointly endeavored to license, market, manufacture and sell to Plaintiff and the Class Members "air purifiers" that knowingly failed to remove and could not remove impurities from the air as marketed, and charged Plaintiff and the Class Members hundreds of dollars based on said representations.

45. As a result of this conspiracy between Defendants, Plaintiff and the Class Members bestowed benefits upon Defendants, which they have retained, to which they were not entitled.

46. Accordingly, Plaintiff and the Class Members seek compensatory damages, including interest and costs, in an amount to be determined by a jury.

## COUNT VIII

### (PERMANENT INJUNCTION AS TO ALL DEFENDANTS)

47. Plaintiff and the Class Members repeat and re-allege paragraphs 1 through 46 as if fully set forth herein.

48. Upon information and belief, Defendants continues to market, manufacture, and sell ionizing "air purifiers" whose "technology" does not remove impurities from the air and fails to perform the purpose for which they are advertised and sold.

49. Plaintiff and the Class Members request that this Court enter a permanent injunction directing Defendants to cease and desist:

    a.    manufacturing, marketing, and selling these products that do not perform as advertised; and

    b.    misstating the performance capabilities of its ionizing "air purifiers" and their "technology."

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the Court accept jurisdiction over this action and enter a judgment for Plaintiff and the Class as follows:

A.    Determine that the action is properly maintainable as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure;

B.    Grant declaratory and injunctive relief, together with all relief that flows from such declaratory and injunctive relief;

C.    Enter a permanent injunction directing Defendants to cease and desist:

    1.    manufacturing, marketing, and selling these products that do not perform as advertised;

    2.    misstating the performance capabilities of its ionic "air purifiers" and their "technology."

D.    Make a declaratory determination that Defendants, individually and in confederation, unjustly retained funds bestowed upon them by Plaintiff and the Class and subsequent thereto enter its mandatory injunction, order an equitable accounting, impose a constructive trust, and further, by mandatory injunction, order a disgorgement of all unjustly held funds by Defendant into said constructive trust with the ultimate distribution of said funds by way of restitution

to the Plaintiff and the Class or in such instance as the Class Members cannot by found to the unclaimed property administrator of the corresponding states and if necessary *cy pres* distribution of any additional funds unjustly held;

E. Order Defendant to bestow upon the Plaintiff and the Class Members their costs and expenses, including a reasonable attorney fee; and

F. Grant such other further relief as the Court deems just and proper.

Plaintiff and the Class Members further request a trial by jury on their state law claims, and seek an award of compensatory, actual, incidental and consequential damages in an amount to be determined by the jury, including interest and costs.

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY ON ALL CLAIMS.**

Dated this ___4___ day of ___Aug.___, 2005.

HAGGARD, PARKS, HAGGARD & LEWIS, P.A.
330 Alhambra Circle, 1st Floor
Coral Gables, FL 33134

BY _____
DANIEL D. DOLAN, II
Fla. Bar No. 084913
ROBERT L. PARKS
Fla. Bar No. 061436

OF COUNSEL

Jere F. White, Jr.
Stephen J. Rowe
Enrique J. Gimenez
LIGHTFOOT, FRANKLIN & WHITE, LLC
400 20th Street North
Birmingham, Alabama 35203
(205) 581-0774
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

This is to certify that on this ___4___ day of August, 2005, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

David C. Goodwin
Akerman Senterfitt
One Southeast Third Avenue
SunTrust International Center
28th Floor
Miami, Florida 33131

Terry C. Young
James S. Toscano
Lowndes Drosdick Doster Kantor
& Reed
PO Box 2809
Orlando, FL 32802-2809

David L. Aronoff
Thelen Reid & Priest LLP
333 S Hope Street
29th Floor
Los Angeles, CA 90071

HAGGARD, PARKS, HAGGARD & LEWIS, P.A.
330 Alhambra Circle, First Floor
Coral Gables, Florida 33134
Telephone:   (305) 446-5700
Facsimile:    (305) 446-1154

By: _____
DANIEL D. DOLAN, II, FBN 084913
ROBERT L. PARKS, FBN 061436