UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 05-21251-CIV-ALTONAGA/Bandstra

**MANUEL FIGUEROA** and **DIXIE M. GARNER**, individually and on behalf of those similarly situated,

    Plaintiffs,

v.

**SHARPER IMAGE CORP.**, a Delaware corporation,

    Defendant.

_____/

## ORDER ON MOTION TO INTERVENE

**THIS CAUSE** comes before the Court upon proposed intervenor, John Potter's ("Potter['s]") Motion to Intervene (the "Motion"), filed on May 8, 2007 [D.E. 279]. The Court has reviewed parties' written submissions, pertinent portions of the record and applicable law.

Potter is a named plaintiff, but not a class representative, in one of three separate lawsuits consolidated for pretrial purposes in state court in San Francisco, California (the "California Actions"). (*See Motion*, p. 2; *Sharper Image*'s *Opp.*, p. 2). Taken together, the California Actions assert five causes of action against Sharper Image Corp. ("Sharper Image"): breach of express warranty; breach of implied warranty; unjust enrichment; violation of California Civil Code § 1770 (the "Consumer Legal Remedies Act"); and violation of California Business and Professions Code §§ 17200 and 17500 (the "UCL"), all related to the sales by Sharper Image of the Ionic Breeze or other ionizing "air purifiers." (*See Motion*, p. 2). On December 12, 2005, the California Actions were certified for class treatment on behalf of a nationwide class of consumers. Notice was provided to that class, and the opt-out period expired on November 14, 2006. (*See id.*).

Case No. 05-21251-Civ-Altonaga/Bandstra

On January 23, 2007, the undersigned held a hearing to consider Plaintiffs' and Sharper Image's request for preliminary approval of the parties' proposed settlement of this action, which concerns similar claims related to Sharper Image's sales of the Ionic Breeze. Subsequently, on January 25, 2007, the undersigned granted preliminary approval of the proposed settlement and set a date for the final Fairness Hearing. The California Actions were stayed as part of the Court's Order preliminarily approving the proposed settlement.

Potter requests permission to intervene pursuant to Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure. Potter, as a member of the certified class in *Potter v. Sharper Image Corp.*, pending in the San Francisco County Superior Court, seeks to intervene in order to: (1) urge the Court not to grant final approval of the proposed settlement at the final Fairness Hearing in this matter, which is scheduled for August 16, 2007, and (2) conduct discovery concerning the settlement. Potter seeks to intervene to conduct discovery "to further demonstrate that the settlement is unfair to class members and is not reasonable or in the best interest of the class." (*Id*. at 3).

Under Rule 24(a)(2), an intervenor is allowed to intervene in an action "as of right" if the following are shown: (1) the application to intervene is timely; (2) the intervenor has an interest relating to the property or transaction which is a subject of the action; (3) the intervenor is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the intervenor's interest is represented inadequately by the existing parties to the suit. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). The proposed intervenor must establish each of the four requirements for intervention as of right, and Potter insists that he has done so.

According to Potter, he also meets the requirements of Rule 24(b), which provides for permissive intervention where "an applicant's claim or defense and the main action have a question

Case No. 05-21251-Civ-Altonaga/Bandstra

of law or fact in common." Fed. R. Civ. P. 24(b). "Whether to permit intervention rests within the Court's discretion, and the Court should 'consider whether the intervention will unduly delay or prejudice adjudication of the rights of the original parties.'" *In re Domestic Air Transp. Antitrust Lit.*, 144 F.R.D. 421, 433 (N.D. Ga. 1992) (citing Fed. R. Civ. P. 24(b)); *see also Purcell v. BankAtlantic Financial Corp.*, 85 F.3d 1508, 1513 (11th Cir. 1996) (explaining that the court has complete discretion in determining whether to allow intervention under Rule 24(b)). Because the undersigned concludes that Potter has satisfied Rule 24(b), it does not examine whether Potter has established all four requirements for intervention as of right under Rule 24(a).

The parties contend that Potter's permissive intervention is not required because he may obtain the discovery he seeks as a class member. (*See Sharper Image's Opp.*, p. 9; *Plaintiffs' Resp.*, pp. 3-4). Plaintiffs also emphasize that if Potter is sufficiently dissatisfied, he has the opportunity to opt out. (*See Plaintiffs' Resp.*, p. 5). Potter maintains that without intervention "there is no means for Potter to both take and enforce the discovery provided for in the Preliminary Approval Order." (*Reply*, p. 3).

Undeniably, common questions of law and fact exist in the California Actions and this case. Plaintiffs here have alleged that the Ionic Breeze is not effective in cleaning the air and produces unsafe levels of ozone. (*See Amended Compl.* [D.E. 27], ¶¶ 9, 15, 24, 25). These are the same allegations underlying the California Actions. (*See Motion*, p. 8). The remaining issue is whether permitting Potter to intervene will unduly prejudice the parties here.

Potter has propounded on Sharper Image a Request for Production consisting of twelve items describing the information sought. Potter has also served Plaintiffs with a Request for Production consisting of seven items. (*See Motion*, Exs. "2" & "3"). Additionally, Potter has provided the

3

Case No. 05-21251-Civ-Altonaga/Bandstra

parties with Notices of Taking the Depositions of Manuel Figueroa, Dixie M. Garner, and Sharper Image on three topics described in the Notices.[1] (*See id.*, Ex. "4").

It appears from the parties' submissions that they are willing to provide Potter with a substantial portion of the information requested. Indeed, in its Opposition to the Motion, Sharper Image has indicated that it has informed counsel for Potter of its willingness to provide documents responsive to most of Potter's requests. Similarly, Plaintiffs have indicated that they have no objection to providing documents responsive to the majority of Potter's requests.

Nevertheless, the parties object to Potter's requests for documents pertaining to settlement negotiations and confirmatory discovery reviewed by Plaintiffs, as well as Potter's request for documents reflecting the time Plaintiffs' counsel has worked on this case. The parties further object to Potter's request to take depositions. (*See Sharper Image's Opp.*, Ex. "H;" *Plaintiffs' Resp.*, Ex. "E").

Potter's requests for production, as well as the proposed depositions, seek information relevant to the Court's inquiry into whether the proposed settlement (and the attorney's fee award) is fair, adequate, and reasonable, issues that will necessarily be addressed and carefully scrutinized at the final Fairness Hearing. *See Bennet v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984) (noting a proposed class action settlement should be approved as long as it is "fair, adequate and reasonable and is not the product of collusion between the parties."). Despite its present objection, in the past Sharper Image has conceded that information pertaining to settlement negotiations is

---

[1] The following topics are identified for the deposition of Sharper Image: (1) the Sharper Image Branded Products offered for sale to the public over the last six months; (2) the total sales revenue realized by Sharper Image for the Ionic Breeze models that are included in the settlement agreement over the time period contemplated by the settlement agreement; and (3) the manner in which Notice was provided or published to the Putative Class. (*Motion*, Ex. "4").

Case No. 05-21251-Civ-Altonaga/Bandstra

relevant to the Court's consideration of the proposed settlement agreement. During the January 23, 2007 hearing, counsel for Sharper Image stated that "with respect to the negotiations of this particular case, it was intense. It went on. It was lengthy. It went all the way through Christmas. We – it was hard fought and when the [F]airness [H]earing comes, I presume that the objectors may want to see evidence of how those [settlement] negotiations came out and they would be entitled to see that information." (*Tr. January 23, 2007 Hearing* [D.E. 247], p. 71).

Given the parties' willingness to provide a majority of the documents requested and the relevance of the information sought by Potter, the undersigned concludes that the parties will not be unduly prejudiced if Potter is permitted to intervene pursuant to Rule 24(b) and is allowed to obtain the discovery requested. Quite the contrary, Potter may be able to present information and arguments that may assist the undersigned in her review of the fairness, adequacy and reasonableness of the parties' proposed settlement and the fee award. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that proposed intervenor John Potter's Motion to Intervene **[D.E. 279]** is **GRANTED**. The parties shall provide the information requested in Potter's Requests for Production **on or before June 29, 2007**. The parties are further instructed to provide Potter with available dates for the depositions of Manuel Figueroa, Dixie M. Garner, and Sharper Image, to be completed prior to the final Fairness Hearing of August 16, 2007.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 20th day of June, 2007.

*Cecilia M. Altonaga*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
Magistrate Judge Ted E. Bandstra
counsel of record